UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GREGORY A. GEIMAN, as he is ADMINISTRATOR, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE, PENSION, ANNUITY AND SAVINGS FUNDS, LABOR MANAGEMENT COOPERATION TRUST, and HOISTING AND PORTABLE ENGINEERS LOCAL 4 APPRENTICE AND TRAINGING FUND; and INTERNATIONAL UNION OF OPERATING ENGINEERS NATIONAL TRAINING FUND,<br>      Plaintiffs<br><br>    v.<br><br>SCOTIA CRANES CORP.,<br>      Defendant, and<br><br>CITIZENS BANK,<br>      Trustee Process Defendant | CIVIL ACTION NO. |

**VERIFIED COMPLAINT**
**FOR DELINQUENT FRINGE BENEFIT CONTRIBUTIONS**

1. This is an action brought pursuant to §§502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132(a)(3) and (d)(1) and 1145 and §301 of the Labor Management Relations Act of 1974 ("LMRA"), as amended, 29 U.S.C. §185, by employee benefit plans to enforce the obligation to make contributions under the terms of a collective bargaining agreement and the plans.

**JURISDICTION**

2. The Court has exclusive jurisdiction of this action pursuant to §502(a), (e) and (f) of ERISA, 29 U.S.C. §§1132(a), (e) and (f), and concurrent jurisdiction pursuant to §301 of the LMRA, as amended, 29 U.S.C. §185, without respect to the amount in controversy or the citizenship of the parties.

## PARTIES

3. Plaintiff Gregory A. Geiman is the Administrator of the International Union of Operating Engineers Local 4 Health and Welfare Fund. The International Union of Operating Engineers Local 4 Health and Welfare Fund is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1). It provides health, dental and prescription benefits and life insurance, accident insurance, and disability pay to participants. The Fund is administered at 16 Trotter Drive, Medway, Massachusetts, within this judicial district.

4. Plaintiff Gregory A. Geiman is the Administrator of the International Union of Operating Engineers Local 4 Pension Fund. The International Union of Operating Engineers Local 4 Pension Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A). It provides participants with a defined pension benefit. The Fund is administered at 16 Trotter Drive, Medway, Massachusetts, within this judicial district.

5. Plaintiff Gregory A. Geiman is the Administrator of the International Union of Operating Engineers Local 4 Annuity and Savings Fund. This Fund provides participant-directed individual accounts, including a 401(k). The International Union of Operating Engineers Local 4 Annuity and Savings Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A). The Fund is administered at 16 Trotter Drive, Medway, Massachusetts, within this judicial district.

6. Plaintiff Gregory A. Geiman is the Administrator of the Hoisting and Portable Engineers Local 4 Apprenticeship and Training Fund. This Fund trains apprentices and journey workers on the construction industry. The Hoisting and Portable Engineers Local 4 Apprentice and Training Fund is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA,

29 U.S.C. §1002(1). The Fund is administered at One Engineers Way, Canton, Massachusetts, within this judicial district.

7. Plaintiff Gregory A. Geiman is the Administrator of the Joint Labor-Management Cooperation Trust. This Trust is established pursuant to §302(c)(9) of the National Labor Relations Act, as amended, 29 U.S.C. §186(c)(9). The Trust is administered at 16 Trotter Drive, Medway, Massachusetts, within this judicial district.

8. Plaintiff International Union of Operating Engineers National Training Fund trains apprentices and journey workers on the construction industry at a national level. The National Training Fund is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1).  The Fund is administered at 1125 17th Street, NW Washington, DC 20036.  Gregory A. Geiman, as Administrator, has been authorized to collect contributions on behalf of the National Training Fund.

9. The Health and Welfare, Pension, Annuity and Savings, and Apprenticeship and Training Funds, as well as the National Training Fund, are multi-employer plans within the meaning of §3(37) of ERISA, 29 U.S.C. §1002(37). They, along with the Joint Labor-Management Cooperation Trust, are hereinafter collectively referred to as "the Funds."

10. Defendant Scotia Cranes Corp. ("SCC") is a Massachusetts limited liability company, with a principal place of business of 85 High Street, Pembroke, MA 02359 with a registered agent for service of process at United States Corporation Agents, Inc., 101 Billerica Avenue, Building 5, Suite 204, North Billerica, MA 01862.

11. Citizens Bank is a banking institution which, on information and belief, is holding assets of the defendant.

## FACTS

12. On or about August 15, 2014, Defendant SCC agreed in writing to be bound to the terms of the Restated Agreements and Declarations of Trust establishing Plaintiff Funds, to the terms of collective bargaining agreements requiring contributions to Plaintiff Funds, and to any successor agreements. A copy of SCC's signed agreement ("Standard Short Form Agreement") is attached hereto as Exhibit A.

13. Because of the Short Form Agreement, Defendant SCC is a party to a collective bargaining agreement with the International Union of Operating Engineers Local 4 that is effective for the period from June 1, 2018 through May 31, 2022, as well as successor agreements ("CBA"). A copy of the June 1, 2018-May 31, 2022 CBA is attached hereto as Exhibit B.

14. The CBA requires SCC to make contributions to Plaintiff Funds for each payroll hour for each person covered by the CBA and to pay interest on late payments at the rate of one percent (1%) per month.  Interest on late-paid elective deferral amounts that employers have deducted from employees' wages are assessed in accordance with rules and regulations of the U.S. Department of Labor.

15. Pursuant to the CBA, employers are also obligated to deduct from wages and remit a negotiated percentage of the gross wage package for union dues. If employees so elect, the employer is also obligated to deduct money from wages and pay to the Social Action Committee ("SAC"). If employees so elect, the employer is also obligated to withhold an amount from the employees' gross wages before any deduction for taxes for deposit in the Annuity and Savings 401(k) plan.

16.     Upon information and belief, Defendant SCC has performed work under the CBA but has failed to remit any of the contributions, dues, and SAC deductions due for the work months of August 2020 to present, as well as any 401(k) withholdings due for the work months of August 2020 to present.  The Defendant filed a report for the month of August 2020 indicating that it owes the Funds a balance of $4,886.99 and a September report indicating it owed $255.64.  The amounts owed after September 2020 are unliquidated to date because the Defendant has failed to submit remittance reports to delineate payroll hours for each of their covered employees for those months.

17.     The Funds sent a formal demand to SCC on November 20, 2020, for submission of the required remittance reports and payment of all amounts due to the Funds.  A copy of the Funds' emailed demand with email delivery receipt is attached as Exhibit C.  SCC has not replied to the Funds' demand.

18.     SCC also owes past-due interest on prior late payments and continuing interest on unpaid amounts.

19.     A copy of this Complaint is being served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by §502(h) of ERISA, 29 U.S.C. §1132(h).

### COUNT I - VIOLATION OF ERISA - DELINQUENT CONTRIBUTIONS

20.     Plaintiffs incorporate by reference herein Paragraphs 1-19 above.

21.     The failure of Defendant SCC to make contributions on behalf of all covered employees as required by the terms of the trust agreements and the collective bargaining agreements violates §515 of ERISA, 29 U.S.C. §1145.

22.     Absent an order from this Court, Defendant SCC will continue to refuse to report hours and pay the amounts owed to the Funds, and the Funds and their participants will be irreparably damaged.

### COUNT II - VIOLATION OF COLLECTIVE BARGAINING AGREEMENT

23.     Plaintiffs incorporate by reference herein Paragraphs 1-22 above.

24.     The failure of Defendant SCC to make contributions on behalf of all covered employees as required by the terms of the collective bargaining agreement violates §301 of the LMRA, 29 U.S.C. §185.

### COUNT III – VIOLATION OF COLLECTIVE BARGAINING AGREEMENT

25.     Plaintiffs incorporate by reference herein Paragraphs 1-24 above.

26.     The failure of Defendant SCC to remit Union dues and SAC contributions it deducted from its employees' wages as required by the terms of the collective bargaining agreement violates §301 of the LMRA, 29 U.S.C. §185.

### RELIEF REQUESTED

WHEREFORE, Plaintiff Funds requests this Court to grant the following relief:

a.     Order the attachment by trustee process of the accounts of the Defendant at Citizens Bank;

b.     Order the attachment of the machinery, inventory, and accounts receivable of the Defendant;

c.     Order the attachment of real estate standing in the name of the Defendant;

d.     Order SCC to make available to the Plaintiff Funds or their duly-authorized representative and/or auditor all books and records, including payroll records, contribution reports, payroll tax returns, employees' earning records and hours worked, weekly payroll

registers, certified payrolls, cash disbursement journals, accounts receivable, and a complete listing of all job locations from June 1, 2020, until the date of the Court's order for the purpose of ascertaining the full amount of unpaid contributions for that period as well as accounts receivable for that period;

      e.      Enter a preliminary and permanent injunction enjoining Defendant from refusing or failing to make contributions to Plaintiff Funds;

      f.      Enter a preliminary and permanent injunction enjoining Defendant from refusing or failing to remit Union dues and SAC contributions;

      g.      Enter judgment in favor of the Plaintiff Funds in the amount of unpaid benefit contributions for the period August 2020 to present, continuing interest on unpaid contributions at the rate of 1% per month from the date due to the date paid, past-due interest on late-paid contributions, elective deferrals with interest thereon at the IRS prescribed rate, Union dues and SAC contributions deducted from employee wages, together with statutory liquidated damages, auditor's fees, and legal fees and costs of collection through the date of final payment, as well as any amounts that may fall due during the pendency of this action; and

      h.      Such further and other relief as this Court deems appropriate.

GREGORY A. GEIMAN, as he is
ADMINISTRATOR, INTERNATIONAL UNION
OF OPERATING ENGINEERS LOCAL 4
HEALTH AND WELFARE, PENSION,
ANNUITY AND SAVINGS FUNDS, *et al.*,

By their attorneys,

/s/ Kathryn S. Shea
Kathryn S. Shea, BBO #547188
Jasper Groner, BBO #682403
Segal Roitman, LLP
33 Harrison Avenue, 7th Floor

                                                      Boston, MA  02111  
                                                      (617) 603-1417  
                                                      kshea@segalroitman.com

Dated:  December 17, 2020

## VERIFICATION

I, Gregory A. Geiman, Administrator for the International Union of Operating Engineers Local 4 Trust Funds, verify that I have read the above Complaint, and the statements set forth therein are true and accurate based on my personal knowledge, except for those statements made on information and belief, as to which I am informed and believe them to be true.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS __16__ DAY OF December, 2020.

_____
Gregory A. Geiman